

# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
April 9, 2021 02:58 PM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1054536

**CRYSTALYN PORTWOOD**

vs.

**EMPOWER
MEDIAMARKETING INC**

A 2101239

**FILING TYPE: INITIAL FILING (OUT OF COUNTY) WITH JURY
DEMAND**

**PAGES FILED: 9**



VERIFY RECORD

EFR200

Erin M. Heidrich (0093828)
Counsel for Plaintiff

**COMMON PLEAS COURT**
**HAMILTON COUNTY, OHIO**

| | | |
|---|---|---|
| **CRYSTALYN PORTWOOD** | : | Case No.:_____ |
| 314 Cherry Street | : | |
| Denver, CO 80220 | : | Judge: _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **EMPOWER MEDIAMARKETING, INC.** | : | **COMPLAINT WITH JURY** |
| 15 E. 14th Street | : | **DEMAND ENDORSED HEREON** |
| Cincinnati, OH 45202 | : | |
| | : | |
| c/o | : | |
| | : | |
| QI SERVICES, INC. | : | |
| Registered Agent | : | |
| 150 E. 4th Street | : | |
| Federal Reserve Build. | : | |
| Cincinnati, OH 45202 | : | |
| | : | |
| Defendant. | : | |

**PARTIES**

1.      Plaintiff Crystalyn Portwood ("Plaintiff") is a resident and citizen of Denver

County, Colorado.

2.      Defendant Empower MediaMarketing ("Defendant") is a for-profit corporation

whose principal place of business is in Hamilton County, Ohio.

**JURISDICTION AND VENUE**

3.      This court has jurisdiction, and venue is proper in Hamilton County, as the

Defendant has its principal place of business in Hamilton County and the complained-of actions

1

took place in Hamilton County. The amount in controversy exceeds the jurisdictional minimum

for this Court.

4.      Plaintiff timely filed a charge of discrimination with the Equal Employment

Opportunity Commission ("EEOC").

5.      Plaintiff received a Notice of Right to Sue from the EEOC dated February 1,

2021.

6.      Plaintiff filed this Complaint within 90 days of her receipt of the EEOC Notice of

Right to Sue.

7.      Plaintiff has met all procedural prerequisites for her claims.

## FACTUAL ALLEGATIONS

8.      Defendant hired Plaintiff as the Vice President for Business Development in April

2018.

9.      During her tenure, Plaintiff was a strong performer and Defendant gave no

indication that she had performance deficiencies.

10.     In June 2019, Plaintiff prepared to take leave under the FMLA. She met with her

supervisor, President and Chief Operating Officer Robert FitzGerald, on June 19, 2019 to

discuss the logistics of her leave.

11.     Plaintiff stated that she would be taking 12 weeks of leave for the birth of her

child, at which FitzGerald expressed annoyance.

12.     At a meeting shortly after, FitzGerald told other Empower employees that

Plaintiff would only be taking six weeks of leave.

13.     In light of FitzGerald's reaction to her leave and his statements to other

employees, Plaintiff felt compelled to continue working during her leave.

2

14.     On July 2, 2019, Plaintiff gave birth to her daughter after working via phone during her labor. She continued working remotely over the following weeks.

15.     On July 23, 2019, Plaintiff went to lunch with FitzGerald and Ryan Derrow. FitzGerald asked her to attend the AdWeek conference in New York City, which was scheduled before the end of her maternity leave.

16.     FitzGerald said it was important for Plaintiff to attend AdWeek as "the face of the Company" and told her, "it's only a few days early."

17.     Plaintiff told FitzGerald that she would think about it.  But almost immediately after the July 23, 2019 meeting, Vice President of Marketing Meghann Craig started messaging Plaintiff to pressure her to attend AdWeek. When Plaintiff eventually acquiesced, Craig replied, "Good! Because I bought your registration yesterday!"

18.     On or around September 10, 2019, FitzGerald asked Plaintiff when she was coming back from leave.  Plaintiff agreed to return on September 25, 2019.

19.     On or around September 12, 2019, Plaintiff's colleagues pressed her to tell them what meetings she had set up for AdWeek.  Plaintiff reminded them that she was on leave.

20.     Because of the mounting pressure to prepare for AdWeek, Plaintiff ended her leave early on September 16, 2019.

21.     Prior to Plaintiff's leave, there was a Coordinator position vacancy on her team. The position essentially constituted an assistant to Plaintiff.

22.     When Plaintiff returned from leave, she discovered that Defendant failed to hire a Coordinator, and instead hired Shannon Robichaud as a Senior Director on Plaintiff's team. There was no Senior Director position on the team prior to Plaintiff's leave.



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
April 9, 2021 02:58 PM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1054536

**CRYSTALYN PORTWOOD**                          A 2101239

vs.
**EMPOWER
MEDIAMARKETING INC**

**FILING TYPE:  INITIAL FILING (OUT OF COUNTY) WITH JURY DEMAND**

**PAGES FILED: 9**



VERIFY RECORD

EFR200

Erin M. Heidrich (0093828)
Counsel for Plaintiff

## COMMON PLEAS COURT
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **CRYSTALYN PORTWOOD** | : | Case No.:_____ |
| 314 Cherry Street | : | |
| Denver, CO 80220 | : | Judge: _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **EMPOWER MEDIAMARKETING, INC.** | : | **COMPLAINT WITH JURY** |
| 15 E. 14th Street | : | **DEMAND ENDORSED HEREON** |
| Cincinnati, OH 45202 | : | |
| | : | |
| c/o | : | |
| | : | |
| QI SERVICES, INC. | : | |
| Registered Agent | : | |
| 150 E. 4th Street | : | |
| Federal Reserve Build. | : | |
| Cincinnati, OH 45202 | : | |
| | : | |
| Defendant. | : | |

## PARTIES

1.      Plaintiff Crystalyn Portwood ("Plaintiff") is a resident and citizen of Denver

County, Colorado.

2.      Defendant Empower MediaMarketing ("Defendant") is a for-profit corporation

whose principal place of business is in Hamilton County, Ohio.

## JURISDICTION AND VENUE

3.      This court has jurisdiction, and venue is proper in Hamilton County, as the

Defendant has its principal place of business in Hamilton County and the complained-of actions

1



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
April 9, 2021 02:58 PM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1054536

**CRYSTALYN PORTWOOD**　　　　　　　　**A 2101239**

**vs.**

**EMPOWER
MEDIAMARKETING INC**

**FILING TYPE: INITIAL FILING (OUT OF COUNTY) WITH JURY DEMAND**

**PAGES FILED: 9**



VERIFY RECORD

EFR200

Erin M. Heidrich (0093828)<br>Counsel for Plaintiff

**COMMON PLEAS COURT**
**HAMILTON COUNTY, OHIO**

| | | |
|---|---|---|
| **CRYSTALYN PORTWOOD** | : | Case No.:_____ |
| 314 Cherry Street | : | |
| Denver, CO 80220 | : | Judge: _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **EMPOWER MEDIAMARKETING, INC.** | : | **COMPLAINT WITH JURY** |
| 15 E. 14th Street | : | **DEMAND ENDORSED HEREON** |
| Cincinnati, OH 45202 | : | |
| | : | |
| c/o | : | |
| | : | |
| QI SERVICES, INC. | : | |
| Registered Agent | : | |
| 150 E. 4th Street | : | |
| Federal Reserve Build. | : | |
| Cincinnati, OH 45202 | : | |
| | : | |
| Defendant. | : | |

**PARTIES**

1.      Plaintiff Crystalyn Portwood ("Plaintiff") is a resident and citizen of Denver County, Colorado.

2.      Defendant Empower MediaMarketing ("Defendant") is a for-profit corporation whose principal place of business is in Hamilton County, Ohio.

**JURISDICTION AND VENUE**

3.      This court has jurisdiction, and venue is proper in Hamilton County, as the Defendant has its principal place of business in Hamilton County and the complained-of actions

1

took place in Hamilton County. The amount in controversy exceeds the jurisdictional minimum for this Court.

4.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

5.     Plaintiff received a Notice of Right to Sue from the EEOC dated February 1, 2021.

6.     Plaintiff filed this Complaint within 90 days of her receipt of the EEOC Notice of Right to Sue.

7.     Plaintiff has met all procedural prerequisites for her claims.

## FACTUAL ALLEGATIONS

8.     Defendant hired Plaintiff as the Vice President for Business Development in April 2018.

9.     During her tenure, Plaintiff was a strong performer and Defendant gave no indication that she had performance deficiencies.

10.     In June 2019, Plaintiff prepared to take leave under the FMLA. She met with her supervisor, President and Chief Operating Officer Robert FitzGerald, on June 19, 2019 to discuss the logistics of her leave.

11.     Plaintiff stated that she would be taking 12 weeks of leave for the birth of her child, at which FitzGerald expressed annoyance.

12.     At a meeting shortly after, FitzGerald told other Empower employees that Plaintiff would only be taking six weeks of leave.

13.     In light of FitzGerald's reaction to her leave and his statements to other employees, Plaintiff felt compelled to continue working during her leave.

2

14.     On July 2, 2019, Plaintiff gave birth to her daughter after working via phone during her labor. She continued working remotely over the following weeks.

15.     On July 23, 2019, Plaintiff went to lunch with FitzGerald and Ryan Derrow. FitzGerald asked her to attend the AdWeek conference in New York City, which was scheduled before the end of her maternity leave.

16.     FitzGerald said it was important for Plaintiff to attend AdWeek as "the face of the Company" and told her, "it's only a few days early."

17.     Plaintiff told FitzGerald that she would think about it.  But almost immediately after the July 23, 2019 meeting, Vice President of Marketing Meghann Craig started messaging Plaintiff to pressure her to attend AdWeek. When Plaintiff eventually acquiesced, Craig replied, "Good! Because I bought your registration yesterday!"

18.     On or around September 10, 2019, FitzGerald asked Plaintiff when she was coming back from leave.  Plaintiff agreed to return on September 25, 2019.

19.     On or around September 12, 2019, Plaintiff's colleagues pressed her to tell them what meetings she had set up for AdWeek.  Plaintiff reminded them that she was on leave.

20.     Because of the mounting pressure to prepare for AdWeek, Plaintiff ended her leave early on September 16, 2019.

21.     Prior to Plaintiff's leave, there was a Coordinator position vacancy on her team. The position essentially constituted an assistant to Plaintiff.

22.     When Plaintiff returned from leave, she discovered that Defendant failed to hire a Coordinator, and instead hired Shannon Robichaud as a Senior Director on Plaintiff's team. There was no Senior Director position on the team prior to Plaintiff's leave.

E-FILED 04/09/2021 02:58 PM   /   CONFIRMATION 1054536   /   A 2101239   /   COMMON PLEAS DIVISION   /   IFOJ



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

**ELECTRONICALLY FILED**
**April 9, 2021 02:58 PM**
**AFTAB PUREVAL**
**Clerk of Courts**
**Hamilton County, Ohio**
**CONFIRMATION 1054536**

**CRYSTALYN PORTWOOD**

**A 2101239**

**vs.**
**EMPOWER**
**MEDIAMARKETING INC**

**FILING TYPE: INITIAL FILING (OUT OF COUNTY) WITH JURY DEMAND**

**PAGES FILED: 9**



VERIFY RECORD

EFR200

Erin M. Heidrich (0093828)
Counsel for Plaintiff

**COMMON PLEAS COURT**
**HAMILTON COUNTY, OHIO**

| | | |
|---|---|---|
| **CRYSTALYN PORTWOOD** | : | Case No.:_____ |
| 314 Cherry Street | : | |
| Denver, CO 80220 | : | Judge: _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **EMPOWER MEDIAMARKETING, INC.** | : | **COMPLAINT WITH JURY** |
| 15 E. 14th Street | : | **DEMAND ENDORSED HEREON** |
| Cincinnati, OH 45202 | : | |
| | : | |
| c/o | : | |
| | : | |
| QI SERVICES, INC. | : | |
| Registered Agent | : | |
| 150 E. 4th Street | : | |
| Federal Reserve Build. | : | |
| Cincinnati, OH 45202 | : | |
| | : | |
| Defendant. | : | |

## PARTIES

1.     Plaintiff Crystalyn Portwood ("Plaintiff") is a resident and citizen of Denver County, Colorado.

2.     Defendant Empower MediaMarketing ("Defendant") is a for-profit corporation whose principal place of business is in Hamilton County, Ohio.

## JURISDICTION AND VENUE

3.     This court has jurisdiction, and venue is proper in Hamilton County, as the Defendant has its principal place of business in Hamilton County and the complained-of actions

1

took place in Hamilton County. The amount in controversy exceeds the jurisdictional minimum

for this Court.

4.      Plaintiff timely filed a charge of discrimination with the Equal Employment

Opportunity Commission ("EEOC").

5.      Plaintiff received a Notice of Right to Sue from the EEOC dated February 1,

2021.

6.      Plaintiff filed this Complaint within 90 days of her receipt of the EEOC Notice of

Right to Sue.

7.      Plaintiff has met all procedural prerequisites for her claims.

### FACTUAL ALLEGATIONS

8.      Defendant hired Plaintiff as the Vice President for Business Development in April

2018.

9.      During her tenure, Plaintiff was a strong performer and Defendant gave no

indication that she had performance deficiencies.

10.     In June 2019, Plaintiff prepared to take leave under the FMLA. She met with her

supervisor, President and Chief Operating Officer Robert FitzGerald, on June 19, 2019 to

discuss the logistics of her leave.

11.     Plaintiff stated that she would be taking 12 weeks of leave for the birth of her

child, at which FitzGerald expressed annoyance.

12.     At a meeting shortly after, FitzGerald told other Empower employees that

Plaintiff would only be taking six weeks of leave.

13.     In light of FitzGerald's reaction to her leave and his statements to other

employees, Plaintiff felt compelled to continue working during her leave.

14.     On July 2, 2019, Plaintiff gave birth to her daughter after working via phone during her labor. She continued working remotely over the following weeks.

15.     On July 23, 2019, Plaintiff went to lunch with FitzGerald and Ryan Derrow. FitzGerald asked her to attend the AdWeek conference in New York City, which was scheduled before the end of her maternity leave.

16.     FitzGerald said it was important for Plaintiff to attend AdWeek as "the face of the Company" and told her, "it's only a few days early."

17.     Plaintiff told FitzGerald that she would think about it.  But almost immediately after the July 23, 2019 meeting, Vice President of Marketing Meghann Craig started messaging Plaintiff to pressure her to attend AdWeek. When Plaintiff eventually acquiesced, Craig replied, "Good! Because I bought your registration yesterday!"

18.     On or around September 10, 2019, FitzGerald asked Plaintiff when she was coming back from leave.  Plaintiff agreed to return on September 25, 2019.

19.     On or around September 12, 2019, Plaintiff's colleagues pressed her to tell them what meetings she had set up for AdWeek.  Plaintiff reminded them that she was on leave.

20.     Because of the mounting pressure to prepare for AdWeek, Plaintiff ended her leave early on September 16, 2019.

21.     Prior to Plaintiff's leave, there was a Coordinator position vacancy on her team. The position essentially constituted an assistant to Plaintiff.

22.     When Plaintiff returned from leave, she discovered that Defendant failed to hire a Coordinator, and instead hired Shannon Robichaud as a Senior Director on Plaintiff's team. There was no Senior Director position on the team prior to Plaintiff's leave.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Erin M. Heidrich

23.     On October 24, 2019, FitzGerald told Plaintiff that he wanted her to consider taking a Media Agent role reporting to Ryan Derrow, which was effectively a demotion.

24.     On October 30, 2019, before Plaintiff had the opportunity to inquire about the position, FitzGerald told her it was the Media Agent job "or nothing," and instructed Plaintiff to hand over all of her job responsibilities to Robichaud.  Plaintiff said she wanted to discuss the matter with CEO Jim Price.  Mr. FitzGerald said if Plaintiff did so, he would fire her.

25.     On October 31, 2019, Plaintiff spoke with Price about the Media Agent role. Price told Plaintiff that she would no longer report to FitzGerald but would instead report to Derrow.

26.     On November 5, 2019, Plaintiff called CFO Joe Lowry to discuss a client contract to be signed on November 8. The contract would yield Plaintiff a $45,000 commission.

27.     On November 7, 2019, the day before the contract was to be signed, Defendant terminated Plaintiff's employment.

28.     Defendant did not provide any reason for its decision to terminate Plaintiff.

29.     Defendant offered Plaintiff a severance agreement.

30.     Subsequently, Plaintiff emailed company employees and stated that she believed she had been discriminated against and terminated because of her gender and for taking protected leave.

31.     Defendant subsequently revoked the severance offer because Plaintiff complained of discrimination.

## COUNT I

### (Sex Discrimination – Title VII)

32.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

33.     Plaintiff was fully qualified for her position at all relevant times.

34.     Defendant's acts of discrimination against Plaintiff include, but are not limited to, terminating her employment because she became pregnant and took leave.

35.     Defendant's actions were intentional, wanton, and in reckless disregard of Plaintiff's rights.

36.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage and is entitled to relief.

**COUNT II**

**(Sex Discrimination – O.R.C. Chapter 4112)**

37.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

38.     Plaintiff was fully qualified for her position at all relevant times.

39.     Defendant's acts of discrimination against Plaintiff include, but are not limited to, terminating her employment because she became pregnant and took leave.

40.     Defendant's actions were intentional, wanton, and in reckless disregard of Plaintiff's rights.

41.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage and is entitled to relief.

**COUNT III**

**(FMLA Retaliation)**

42.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

43.     Plaintiff was fully qualified for her position at all relevant times.

44.     Plaintiff met all eligibility requirements for leave under the Family and Medical Leave Act.

45.     Plaintiff properly availed herself of her right to leave.

5

46.     Defendant's acts of retaliation against Plaintiff include but are not limited to terminating her employment because she took protected leave.

47.     Defendant's actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

48.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage and is entitled to relief.

## COUNT IV

### (FMLA Interference)

49.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

50.     Plaintiff was fully qualified for her position at all relevant times.

51.     Plaintiff met all eligibility requirements for leave under the Family and Medical Leave Act.

52.     Plaintiff properly availed herself of her right to leave.

53.     Defendant's acts of interfering with Plaintiff's rights under the Family and Medical Leave Act include, but are not limited to, dissuading her from exercising her right to leave, requiring her to work during her leave, and terminating her employment because she took leave.

54.     Defendant's actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

55.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage and is entitled to relief.

## COUNT V

### (Retaliation – Title VII)

56.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

57.     Plaintiff was fully qualified for her position at all relevant times.

58.     Plaintiff engaged in protected activity by complaining of discrimination on the basis of her gender and for taking protected leave.

59.     Defendant's acts of retaliation against Plaintiff include, but are not limited to, revoking a severance offer because of Plaintiff's complaint.

60.     Defendant's retaliation against Plaintiff was intentional, wanton, and in reckless disregard of Plaintiff's rights.

61.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage and is entitled to relief.

## COUNT VI

### (Retaliation – O.R.C. Chapter 4112)

62.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

63.     Plaintiff was fully qualified for her position at all relevant times.

64.     Plaintiff engaged in protected activity by complaining of discrimination on the basis of her gender and for taking protected leave.

65.     Defendant's acts of retaliation against Plaintiff include, but are not limited to, revoking a severance offer because of Plaintiff's complaint.

66.     Defendant's retaliation against Plaintiff was intentional, wanton, and in reckless disregard of Plaintiff's rights.

67.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage and is entitled to relief.

**WHEREFORE**, Plaintiff Crystalyn Portwood prays for the following relief:

a.     That Defendant be enjoined from further unlawful conduct as described in the Complaint;

b.     That Plaintiff be reinstated to her employment;

c.     That Plaintiff be awarded all lost pay and benefits;

d.     That Plaintiff be awarded compensatory damages;

e.     That Plaintiff be awarded punitive damages;

f.     That Plaintiff be awarded liquidated damages;

g.     That Plaintiff be awarded pre-judgment and post-judgment interest;

h.     That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation over several, separate tax years;

i.     That Plaintiff be awarded reasonable attorneys' fees and costs;

j.     That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

*/s/ Erin M. Heidrich*
Erin M. Heidrich (0093828)
Attorney for Plaintiff
FREKING MYERS & REUL LLC
600 Vine Street, 9th Floor
Cincinnati, OH 45202
PH: 513-721-1975/Fax: 513-651-2570
*eheidrich@fmr.law*

8

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Erin M. Heidrich